# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARMAINE JORDAN** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE CITY OF PLAQUEMINE,** <br> **MAYOR EDWIN M. REEVES, JR., KENNY PAYNE,** | **JUDGE** |
| | **MAGISTRATE** |
| **AND XYZ INSURANCE** <br> **COMPANY** | |
| **FILED:**_____ | _____ <br> **DEPUTY CLERK** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff, **CHARMAINE JORDAN** rights secured by the Civil Rights Acts of 1866, and 1871, 42 U.S.C. Section 1983, the rights secured by the Fourth Amendment by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and for rights secured under the laws and Constitution of the State of Louisiana

Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action being an action seeking relief for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of $75,000.00 exclusive of interests and costs.

5. Plaintiff invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

6. Plaintiff demands a trial by jury on each and every one of their claims as pled herein.

## VENUE

7. Venue is proper for the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. Section 1391 9 (a), (b) and (c) as the transactional events constituting the alleged tortuous behavior arose and occurred within Iberville Parish.

## PARTIES

8. JORDAN is a resident of the United States who is and was at all times relevant herein a resident of the IBERVILLE PARISH, State of Louisiana.

9.      Made Defendant is **THE CITY OF PLAQUEMINE** through Mayor Edwin M. Reeves, Jr., at all times pertinent herein, the employer of the defendant officers herein. Defendant The City of Plaquemine enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, The City of Plaquemine, has ultimate policy making authority with respect to the conduct and procedures of the Plaquemine Police Department. The City of Plaquemine's principal place of business is 23640 Railroad Avenue, Third Floor, Plaquemine, Louisiana 70764.

10.     Defendant, **KENNY PAYNE**, (hereinafter "Payne") is the Chief of Police for The City of Plaquemine at the Plaquemine Police Department, the employer of the defendant officers herein. Payne enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, Payne, has ultimate policy making authority with respect to the conduct and procedures of the Plaquemine Police Department. Payne's principal place of business is 23540 Railroad Avenue, Plaquemine, Louisiana 70764.

11.     Defendant, **LEN HALL**, (hereinafter "HALL") is an officer employed by the Plaquemine Police Department. At all pertinent times herein, HALL was acting in his capacity as agent, servant, and employee of Plaquemine Police Department, and within the scope of his employment as such. Plaintiff sues HALL in his individual and official capacity.

13.     Defendant, **XYZ INSURANCE COMPANY** is the insurance carrier for **CITY OF PLAQUEMINE** and had an insurance policy in effect at the time of this incident. After

adequate discovery, Plaintiff will be amending the complaint to reflect the proper party defendant insurance carrier.

      14.    At times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of their employer named herein, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and behalf of their employer Plaquemine Police Department at all times relevant herein with the power and authority vested in them as officers, deputies, agents, and employees of their employer and incidental to the lawful pursuit of their duties as officers, deputies, employees, and agents of their employer.

17. As such, the defendants The City of Plaquemine through Mayor Reeves, Plaquemine Police Department, and Kenny Payne are liable to Plaintiff for punitive damages because their express policies and widespread and well-settled practices, including failures of supervision, monitoring, and oversight, were ubiquitous throughout the department and operated with the force of law to deprive David Anthony Ourso Jr. his rights pursuant to the Supreme Court's holding in <u>Monell v. New York</u>, and that the illegal and unconstitutional actions of Defendants were ratified and condoned by supervisory officers and officials of the Plaquemine Police Department and the City of Plaquemine.

## STATEMENT OF FACTS

18. At all times material to this Complaint, Defendants LEN HALL acted under color of statutes, customs, ordinances, and usage of the CITY OF PLAQUEMINE, and specifically the Plaquemine Police Department. Furthermore defendant, LEN HALL was acting as employees of the City of Plaquemine, at the time of the events giving rise to the subject claims.

19. On August 10, 2021, JORDAN was attempting to rescue her daughter from being stabbed with knife. The officer tased JORDAN with no warning at all causing her to fall on her back and cause severe injury to her. After she was tased he allowed the taser cartridges to remain in her for minutes.

## FIRST CLAIM

42 U.S.C. Section 1983

(Against All Law Enforcement Officials)

28. Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 27 is fully set forth herein.

29. By engaging in the **plaintiffs seizure,** false arrest, false imprisonment, battery, assault and kidnapping, the Defendants herein have deprived JORDAN of her rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 and of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. As a direct proximate result of the misconduct and abuse of the authority averred to above, Charmaine Jordan. was deprived of his life by these defendants. Plaintiff has suffered and continue to suffer psychological pain, suffering and mental anguish, and other damages to be more specifically averred at trial.

## SECOND CLAIM

Pendant State Law Claim

(Against all Defendants)

30. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs.

31. On information and belief, the Defendant, Plaquemine Police Department failed to effectively screen, hire, train, supervise and discipline its officers on how tasers should be employed.

32. The Defendants, the City of Plaquemine through Mayor Reeves, and Kenny Payne are fully responsible for the acts of the individual employees of same named herein.

33. By the actions described above, the Defendants, the City of Plaquemine through Mayor Reeves, and Kenny Payne have committed the following wrongful acts against the Plaintiff, which are tortuous under the law:

    a. Assault;

    b. Negligence in causing physical injury;

    c. Intentional infliction of emotion distress;

    d. False arrest;

    e. False imprisonment without consent;

    f. Negligent hiring;

    g. Negligent training;

    h. Kidnapping; and

    i. Violation of rights otherwise guaranteed by under state and federal law.

    j. Wrongful death of decedent

34. The foregoing acts and conduct of the Defendants were the proximate cause of the Plaintiff's injuries .

35. Plaintiff, seeks compensation for damages which were the direct and proximate result of the acts and omissions of the City of Plaquemine, the Plaquemine Police Department and their employees, including all federal and state-based claims, and for the violation of civil rights in the amount of $1,0000,000.00 for the following non-exclusive particulars:

   a. Physical pain and suffering.

   b. Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation.

   c. Deprivation of rights, privileges, and immunities secured to plaintiff and all citizens;

   d. Punitive and exemplary damages;

   e. Lost wages, earning capacity, future earnings and parental economic support;

   f. Loss of consortium, support, society, and affection; and

   g. Any and all other legal relief deemed appropriate and equitable by the trier of fact.

**WHEREFORE,** Plaintiff JORDAN, prays that after due proceedings had, there be judgment rendered herein in his favor and against Defendants the City of Plaquemine through Mayor Edwin M. Reeves, Plaquemine Police Department, Kenny Payne, and Len Hall.

**FURTHER** Plaintiff prays for all costs and expenses incurred in this litigation, and reasonable attorney's fees pursuant to 42 U.S.C. 1988.

**FURTHER** Plaintiff prays for and demands trial by jury as to all issues.

Dated: May 25, 2017

Respectfully Submitted,

by:

/s/ Shannon L. Battiste_____
**Shannon L. Battiste
Bar Roll Number 30198
9541 Brookline Ave, Ste B
Baton Rouge, LA 70809
Ph: (225) 726-5070
Fax: (225) 4368761
email: attorneybattiste@yahoo.com**


Attorney for Petitioner