UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARMAINE JORDAN | CIVIL ACTION |
| VERSUS | |
| THE CITY OF PLAQUEMINE, et al. | NO. 21-459-SDD-SDJ |

# ORDER

Before the Court is an Unopposed Motion to Stay and Limit Discovery to Qualified Immunity (R. Doc. 36), filed by Defendant Len Hall. In his Motion, Defendant Hall "requests this Court stay and limit discovery to qualified immunity."[1] Hall represents in his Motion that neither counsel for Plaintiff nor counsel for his co-Defendants object to the Motion, making it unopposed.[2] For the reasons set forth below, Hall's Motion to Stay is **granted**.

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may

---
[1] R. Doc. 36 at 1.
[2] *Id*.

dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery. Our prior decisions to the contrary are overruled.

*Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (expressly overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and its progeny). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Carswell*, 37 F.4th at 1068-69. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.* at 1068.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. *Id.* It also noted that these same burdens would be present

if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id.* (quoting *Iqbal*, 556 U.S. at 686).

Here, in his Answer to Plaintiff's Second Amended Complaint, Hall asserts qualified immunity as a defense to Plaintiff's claims.[3] As explained in his Motion to Stay, Hall claims that the video footage from his body camera of the altercation underlying this litigation "depicts actions worthy of qualified immunity."[4] However, per Hall, he is unable to provide the body camera footage at this time because, as extraneous evidence, it "would not be appropriate for a Rule 12(b)(6) Motion to Dismiss in this particular instance."[5] Thus, Hall here seeks "to stay and limit discovery … to qualified immunity in anticipation of filing dispositive motions … for a determination on the issue of qualified immunity."[6]

The Court recognizes that the instant case is distinguishable from the situation in *Carswell*, where there was a Motion to Dismiss pending that raised the issue of qualified immunity.[7]

---

[3] R. Doc. 35 at 1.
[4] R. Doc. 36-2 at 2.
[5] *Id.*
[6] *Id.* at 2-3.
[7] While there is a Motion to Dismiss (R. Doc. 41) pending in this case, it was not filed by Hall and does not assert a defense of qualified immunity on Hall's behalf.

However, the Fifth Circuit in *Carswell* was unequivocal that discovery must be stayed pending resolution of the issue of qualified immunity:

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*. The Supreme Court has repeatedly made clear that the driving force behind qualified immunity is a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery, and it has stressed the importance of resolving immunity questions at *the earliest possible stage* in litigation.

*Carswell*, 37 F.4th at 1067-68 (internal quotations and citations omitted). As such, the Court will stay all discovery in this case other than discovery related specifically to the issue of qualified immunity.

Accordingly,

**IT IS ORDERED** that the Unopposed Motion to Stay and Limit Discovery to Qualified Immunity (R. Doc. 36), filed by Defendant Len Hall is **GRANTED**. Until further order of the Court, discovery in this matter is limited only to the issue of qualified immunity; it is otherwise stayed.

**IT IS FURTHER ORDERED** that, upon resolution of Defendant Hall's qualified immunity defense, the Parties shall contact the undersigned as soon as possible for the issuance of a new Scheduling Order, if one is needed.

Signed in Baton Rouge, Louisiana, on November 21, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**