## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHARMAINE JORDAN**                                **CIVIL ACTION**

**VERSUS**

**THE CITY OF PLAQUEMINE, ET AL.**          **NO. 21-00459-BAJ-SDJ**

### RULING AND ORDER

Plaintiff Charmaine Jordan pursues constitutional claims of excessive force and false arrest—and related state law claims—against The City of Plaquemine, Louisiana, the Plaquemine Police Department, Plaquemine Policy Chief Kenny Payne (collectively, the "Municipal Defendants"), and Plaquemine Police Officer Len Hall, arising from her arrest on August 10, 2021. Now, the Municipal Defendants and Officer Hall move for summary judgment. Defendants' motions will be granted.

I.   **BACKGROUND**

A. **Summary Judgment Evidence**

The facts set forth below are drawn from Officer Hall's Statement of Uncontested Facts. (*See* Doc. 46-5, *hereinafter* "Hall SOF"). They are uncontroverted and deemed admitted for present purposes.[1]

---

[1]      As required by Local Civil Rule 56, Officer Hall accompanied his summary judgment motion with a 12-paragraph Statement of Uncontested Facts, specifically citing record evidence. (Doc. 46-5). The Municipal Defendants adopt Officer Hall's proposed Uncontested Facts. (Doc. 55). In response, Plaintiff was required to submit "a separate, short, and concise statement of material facts" expressly admitting, denying, or qualifying Defendants' proposed facts, and supporting "each denial or qualification by a record citation." M.D. La. LR 56(c). Instead, despite having been previously warned that failure to properly controvert a dispositive motion could result in that motion being deemed unopposed under the Local Rules, (Doc. 54), Plaintiff submitted *only* memoranda in opposition to Defendants' motions,

On August 10, 2020, at 7:30 p.m., multiple officers of the Plaquemine Police Department responded to a "large disturbance"—a fight—near the intersection of Allen Street and Marshall Street in Plaquemine, Louisiana. (Hall SOF ¶¶ 1-2). Plaintiff was among the combatants. (*Id.* ¶ 1). When Officer Hall arrived, he observed Plaintiff swinging a hammer at another woman. (*Id.* ¶ 3). When Plaintiff's first hammer swing missed, she attempted a second, at which point Officer Hall deployed his Taser without warning, landing Taser probes in Plaintiff's back. (*Id.* ¶¶ 3-4). Plaintiff fell to the ground and Officer Hall immediately released the Taser's trigger, stopping the flow of electricity to the probes. (*Id.* ¶ 5).

After gaining control of the scene, Officer Hall called an ambulance for Plaintiff. (*Id.* ¶ 7). Other officers promptly removed the Taser probes from Plaintiff's back and, after EMS personnel provided medical attention, Plaintiff was arrested for aggravated assault and disturbing the peace by fighting. (*Id.* ¶¶ 8, 10). In the midst of it all, Plaintiff admitted to intending to strike the other woman over the head with the hammer. (*Id.* ¶ 6).

---

ignoring entirely Local Rule 56(c)'s requirement of a responsive statement of material facts. (*See* Doc. 50, Doc. 53).

The Local Rules are clear: at summary judgment well-supported "[f]acts contained in a supporting or opposing statement of material facts … shall be deemed admitted unless properly controverted." M.D. LR 56(f). Further, the Court is under "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." *Id.* Moreover, the Court has repeatedly warned that "its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at her own peril." *Singleton v. Louisiana*, No. 20-cv-00625, 2023 WL 4750115, at *2 n.2 (M.D. La. July 25, 2023) (Jackson, J.) (quotation marks omitted). At grave risk, Plaintiff flouted these admonishments. Absent any proper opposition, the Court deems admitted the well-supported facts set forth in Officer Hall's Statement of Uncontested Facts. *E.g.*, *id.*

### B. Procedural History

Plaintiff initiated this action on August 10, 2021. (Doc. 1). Plaintiff's operative Second Amended Complaint alleges constitutional claims of excessive force and false arrest, and various related state law claims, against the Municipal Defendants and Officer Hall, and their insurers. (Doc. 27). On May 24, 2023, the Court granted Defendants' *unopposed* motion seeking dismissal of all constitutional municipal liability claims *and* claims for punitive damages against the Municipal Defendants, and all official capacity claims against Officer Hall. (Doc. 54). What remains are Plaintiff's individual constitutional and state law claims against Officer Hall; and Plaintiff's state law employer liability claims against the Municipal Defendants. (*Id.*).

Now, Defendants move for summary judgment. Officer Hall argues that he is entitled to qualified immunity against Plaintiff's constitutional claims, and that Plaintiff's state law claims fail because the evidence shows that "he acted reasonably and diligently in the performance of his duties." (Doc. 46-3 at 16). The Municipal Defendants, in turn, adopt Officer Hall's arguments, arguing further that any employer liability claims fail because Plaintiff cannot establish any underlying liability against Officer Hall. (Doc. 53).

Plaintiff opposes Defendants' motions, *in part*. She defends her individual Fourth Amendment excessive force claim, arguing (but offering no evidence, *supra* n.1) that "Officer Hall's use of the Taser under the facts of this case were [sic] unreasonable." (Doc. 50 at 5). Strangely, she also defends her Fourth Amendment municipal liability claim—asserting that Officer Hall's force resulted from inadequate training "on the latest techniques in TASER deployment," (Doc. 56 at 2)—

despite this claim having already been dismissed, (*see* Doc. 54). At the same time, however, Plaintiff fails to address her constitutional claim for false arrest, or her various state law claims. (*See generally* Doc. 50, Doc. 56).

## II.   LAW AND ANALYSIS

### A. Standard

The summary judgment standard is well-set: to prevail, Defendants must show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms.*, Inc., 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal and Local Civil Rules, Plaintiff must counter with evidence to support her claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is required if Plaintiff fails to "produce any summary judgment evidence on an essential element of [her] claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

### B. Discussion

#### i.   Plaintiff's Fourth Amendment excessive force claim fails because she has not raised a fact dispute that Officer Hall's force was excessive or unreasonable

Officer Hall invokes qualified immunity. The qualified immunity doctrine turns the traditional summary judgment burden on its head, requiring Plaintiff—the

*non-moving* party—to "demonstrate the inapplicability of the defense." *Rogers v. Jarrett*, 63 F.4th 971, 975 (5th Cir. 2023) (quotation marks omitted). To meet her burden, Plaintiff must "(1) raise a fact dispute on whether his constitutional rights were violated by the defendants' individual conduct, and (2) show those rights were clearly established at the time of the violation." *Id.* (quotation marks omitted). The Court may address either prong of the analysis first, *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 473 (5th Cir. 2019), and Plaintiff's failure to carry her burden at one prong is fatal, *e.g.*, *Babinski v. Sosnowsky*, 79 F.4th 515, 522 (5th Cir. 2023).

The Fourth Amendment prohibits an officer from using excessive or unreasonable force in the context of an arrest. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To establish a violation, "a plaintiff must demonstrate (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 480 (5th Cir. 2021) (quotation marks omitted), *cert. denied*, 142 S. Ct. 564 (2021).

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Craig v. Martin*, 49 F.4th 404, 410 (5th Cir. 2022) (cleaned up).

Having failed to offer *any* evidence to rebut Officer Hall's version of events,
Plaintiff plainly cannot raise a fact dispute on whether her constitutional rights were
violated. Again, the Fourth Amendment permits an officer to use reasonable force to
subdue a suspect that poses an immediate threat to the safety of others. *Craig*, 49
F.4th at 410. Here, the unrebutted evidence establishes that, in the midst of a melee,
Plaintiff intended to strike another woman with a deadly weapon (a hammer). Officer
Hall observed Plaintiff miss her first strike against the woman—immediately
establishing a reasonable basis to conclude that Plaintiff was engaged in violence—
and deployed nonlethal force to prevent her from taking another swing. When his
first Taser shot subdued Plaintiff, Officer Hall released the Taser's trigger, quickly
took control of the scene, and then called for an ambulance. There is simply nothing
on the present record to establish that Officer Hall's use of his Taser was excessive to
the need to protect Plaintiff's victim, or unreasonable under the circumstances.
Plaintiff's excessive force claim fails. *See, e.g.*, *Pratt v. Harris Cnty., Tex.*, No. 12-cv-
1770, 2015 WL 224945, at *10 (S.D. Tex. Jan. 15, 2015) (Gilmore, J.) (sheriff deputy's
use of Taser was not unreasonable in response to arrestee's attempted assault and
flight: "the Fifth Circuit has found that force, including the use of a taser, is often
appropriate or at least entitled to qualified immunity, where the arrestee is resisting
or violent." (citing authorities)), *aff'd*, 822 F.3d 174 (5th Cir. 2016); *Maiorano v.
Santiago*, No. 05-cv-107, 2006 WL 2024951, at *10 (M.D. Fla. July 15, 2006) (Fawsett,
C.J.) (sheriff deputy's use of Taser without warning against high school students
engaged in schoolyard brawl was not unreasonable in response to "a chaotic, unruly

situation": "given the fact that the physical altercation created a dangerous, volatile situation, it was both reasonable and necessary to use the Taser on Plaintiffs, even without a previous warning.").

### ii. Plaintiff has abandoned her remaining claims by failing to respond to Defendants' arguments for summary judgment

A party waives an issue by failing to brief it. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). Moreover, the Local Civil Rules require that parties support their arguments with "a concise statement of reasons ... and citations of authorities," M.D. La. LR 7(d), and this Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf. *See Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 650 F. Supp. 3d 452, 477 n.13 (M.D. La. 2023) (Jackson, J.) (citing authorities).

Here, Defendants have addressed each of Plaintiff's remaining claims, arguing for summary judgment as to all. (*See* Doc. 46-3 at 13-17; Doc. 53-1). In response, Plaintiff briefs only her individual Fourth Amendment excessive force claim against Officer Hall, and her now-dismissed Fourth Amendment municipal liability claim against the Municipal Defendants. (*See generally* Doc. 50; Doc. 56). Pursuant to the Court's Local Rules, and consistent with the general rule that a party's failure to brief an issue acts as a waiver, Plaintiff has abandoned her constitutional claim of false arrest, and her various state law claims, including her employer liability claims. *E.g.*, *Clark v. LeBlanc*, No. 19-cv-00512, 2023 WL 2655725, at *7 n.4 (M.D. La. Mar. 27, 2023) (Jackson, J.) (ruling that plaintiff abandoned claims not addressed in opposition to defendants' motion for summary judgment).

7

### III.    CONCLUSION

"[S]ummary judgment is about evidence." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023). For that matter, it is *also* about argument. Plaintiff offers *argument* (but no evidence) to support her excessive force claim against Officer Hall, and fails even to respond to Defendants' requests for dismissal of her remaining claims.

Accordingly,

**IT IS ORDERED** that Defendant Hall's **Motion For Summary Judgment (Doc. 46)** be and is hereby **GRANTED**, and that all claims against Defendant Hall be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Municipal Defendants' **Motion for Summary Judgment (Doc. 53)** be and is hereby **GRANTED**, and that all claims against the City of Plaquemine, the Plaquemine Police Department, and Plaquemine Police Chief Kenny Payne be and are hereby **DISMISSED WITH PREJUDICE**.

Having now dismissed all claims against all Defendants, the Court will issue judgment separately.

Baton Rouge, Louisiana, this 19th day of December, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**